WARREN LADD & another *vs.* ISAAC ROGERS.

An action of contract cannot be maintained for the price of a horse sold on the Lord's day, although the purchaser keeps him afterwards; but the remedy is by an action of tort in the nature of trover.

CONTRACT. The declaration was upon an account annexed, which contained a charge of fifty dollars for a horse. The answer set up, amongst other things, that the sale of the horse to the defendant was made in violation of the statutes for the observance of the Lord's day.

At the trial in the superior court, before *Brigham,* J., one of the plaintiffs testified that on or about the 4th of February 1864 he sold the horse to the defendant for fifty dollars, to be called for and delivered within one week; that the defendant failed to call for him within that time, and the plaintiff therefore told his servant not to let the defendant have him; that on Sunday, the 14th of February, the defendant called upon the plaintiff, made an explanation why he had not called for the horse, and after some talk the horse was taken by the defendant.

The defendant asked the court to rule that if the sale and delivery were upon Sunday the plaintiffs could not recover upon the account annexed. The judge declined so to rule, and instructed the jury that if upon the testimony they found that the sale was made on Sunday it would be void, and the plaintiffs could not recover upon such contract; but nevertheless if the defendant afterwards kept the horse and treated him as his own, without returning him to the plaintiffs, the law would imply a promise on the part of the defendant to pay them the fair value of the horse at the time he was taken, and that the plaintiffs could recover the same in this action.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*E. L. Barney,* for the defendant. It is plain that the sale on Sunday was an illegal act, and that the court will not lend its aid to carry out an illegal transaction. The instructions of the judge authorized the plaintiffs to recover the value of the horse on the day of the illegal sale. The remedy, if any, should be by an action in the nature of trover. If the instructions were correct, every grocer, tailor and hatter may keep his shop open on Sunday, and sell his goods, and maintain an action to recover their value on that day, provided the purchaser eats, wears or uses them on Monday. This cannot be.

*J. C. Stone & W. W. Crapo,* for the plaintiffs. Though the defendant might have avoided the performance of his contract on the ground that it was made on Sunday, yet his possession of the property was under color of a sale, even though the negotiation did not legally amount to a sale, and from his subsequent keeping and appropriation of the property the law will imply a contract and promise to pay the fair value. *Hill* v. *Perrott,* 3 Taunt. 274. If the defendant chose to avail himself of his right to avoid the contract on this ground, he should have returned the horse. His failure to do so, and the subsequent appropriation of him, created a new implied contract and promise.

HOAR, J. The presiding justice in the superior court instructed the jury correctly, that if they found the sale of th

horse was made on Sunday it would be void, and the plaintiffs could not recover upon such a contract. The sale, in that case, was a transaction of secular business on the Lord's day, not a work of necessity, charity or mercy, and was prohibited by law. Being an illegal and void act, not merely at the election or for the protection of either party, but upon grounds of public policy, it had no validity whatever; and as was held in *Day* v. *McAllister*, 15 Gray, , was wholly nugatory, passed no property, gave no rights, and was incapable of any subsequent ratification.

Giving no effect, therefore, to the sale, the defendant was found in possession of the horse, which was the plaintiffs' property, under no contract which the law can recognize, express or implied. The court ruled that "if the defendant afterwards kept the horse and treated him as his own, without returning him to the plaintiffs, the law would imply a promise on the part of the defendant to pay them the fair value of the horse at the time he was taken, and that the plaintiffs could recover the same in this action," which is an action upon an account annexed for goods sold and delivered.

We are of opinion that this instruction was erroneous, and that the exception to it is well taken.

The possession of the horse by the defendant, although obtained by an act which was a violation of law, was not a wrong to the plaintiffs, who were in *pari delicto.* It was obtained, as they undertook to prove, with their full consent. The subsequent use of the horse was without title, and the question involved is therefore simply this : whether if one without right makes use of a chattel belonging to another, the law will imply from this fact a contract of sale ? In other words, can a party entitled to an action cᶜ trover waive the tort, and sue in assumpsit ?

The only authority cited in favor of the proposition is *Hill* v. *Perrott*, 3 Taunt. 274. That case decided that the mere possession of goods which had been the plaintiff's property, unaccounted for, raised an implied promise to pay for them. But there are many respectable authorities which involve the same

principle; and some *dicta* in English and American cases and text writers which seem to support the rule as one of general application. Mr. Greenleaf, in his treatise on evidence, states it thus : " If one commit a tort on the goods of another, by which he gains a pecuniary benefit, as if he wrongfully takes the goods and sells them, or otherwise applies them to his own use, the owner may waive the tort, and charge him in assumpsit on the common counts, as for goods sold or money received, which he will not be permitted to gainsay." 2 Greenl. Ev. § 108. In New Hampshire, the same rule was adopted in *Hill* v. *Davis*, 3 N. H. 384.

But upon a full review of the authorities by Strong, J., in the court of common pleas, which is cited in a note to the opinion, it was held by this court in *Jones* v. *Hoar*, 5 Pick. 285, that one whose goods have been taken from him or detained unlawfully, cannot waive the tort and maintain assumpsit for goods sold, except against the executor of the wrongdoer; but that if the goods have been sold by the person who took them he may affirm the sale, and have an action of money had and received for the proceeds. The doctrine of that case has been reaffirmed and adhered to in subsequent cases. *Allen* v. *Ford*, 19 Pick. 217. *Brown* v. *Holbrook*, 4 Gray, 102. *Berkshire Glass Co.* v. *Wolcott*, 2 Allen, 227.

We think these cases applicable to the case at bar. The use of the horse by the defendant in pursuance of the illegal contract made on Sunday would give the plaintiff no right of action whatever. This was decided in *Gregg* v. *Wyman*, 4 Cush. 322. If the defendant subsequently converted him to his own use, the plaintiff must adopt the form of action suited to such an injury. *Exceptions sustained.*